**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TACO INTERNATIONAL FOODS OF**
**GEORGIA, INC.,**

        **Plaintiff.**

-vs-                                            **Case No.  6:10-cv-846-Orl-31GJK**

**THE TACO MAKER, INC.,**

        **Defendant.**

_____/

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 30) filed by the Plaintiff, Taco International Foods of Georgia, Inc. ("Taco International"), and the response (Doc. 33) filed by the Defendant, The Taco Maker, Inc. ("Taco Maker").

**I.  Background**

The following facts are undisputed.  Taco International filed the instant suit in state court on January 14, 2010, seeking to recover a $250,000 deposit from Taco Maker.  Taco International has its principal place of business in Florida.  Taco Maker is a foreign corporation, but on January 2009 it filed a corporate reinstatement form with the Florida Secretary of State in which it identified a location in Orlando as the address of its "Principal Office".  (Doc. 30-1 at 11).

On February 1, Taco International served a summons and a copy of the complaint on Taco Maker's registered agent for service of process, CT Corporation System ("CT System").  (Doc. 30

at 19). Taco Maker did not respond to the complaint. On March 17, Taco International moved for a clerk's default, which was granted on March 25.

On April 16, Taco International moved for entry of final judgment. On May 12, Taco International served Taco Maker with a copy of the notice of hearing on that motion, again through CT System. Taco Maker did not respond, and did not attend the hearing, which was conducted on May 21. On May 26, Taco Maker removed the case to this Court on the grounds of diversity jurisdiction.

## II.     Legal Standards

The removing party bears the burden of establishing that the Court possesses subject matter jurisdiction over the removed action. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In a case where the court's subject matter jurisdiction is based on diversity, the removing party must demonstrate that no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In addition, the removing party must show that the notice of removal was timely filed under 28 U.S.C. § 1446(b), which provides that the notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  See, e.g., *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F. Supp. 37, 38 (S.D. Fla. 1986). Removal statutes are construed narrowly, and any uncertainties are to be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**III.     Analysis**

Taco International offers a number of arguments in favor of remand, but only two of them require discussion.  Taco International argues that Taco Maker has admitted, in the corporate reinstatement form, that its principal place of business is Florida, making it a Florida citizen for purposes of determining diversity.  Taco Maker responds, correctly, that the reinstatement form merely sought its "principal address," not its "principal place of business".  Taco Maker contends, and has evidence to support, that its principal place of business is actually in Puerto Rico, and that the parties are therefore diverse.  Taco International offers no evidence other than the reinstatement form that Taco Maker has its principal place of business in this state.  The Court therefore finds that Taco Maker has met its burden of establishing the existence of diversity between the parties.

Taco International's second argument, that Taco Maker missed the deadline for filing its notice of removal, is meritorious.  The statute provides that the notice must be filed within 30 days after receipt of the complaint "by service or otherwise."  28 U.S.C.  1446(b).  Taco Maker does not dispute the contention that service was accomplished on its designated agent – CT System – on February 1, nearly four months before the May 26 filing of the notice of removal.  Despite this, Taco Maker argues that it did not receive notice of the state court action until April 27, 2010.  Taco Maker asserts that either CT System failed to pass the complaint and summons along, or a receptionist at Taco Maker lost it.  This argument is unavailing. Federal Rule 4(h) provides that service of process may be accomplished on a corporation by, *inter alia*, "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, *or any other agent authorized by appointment* or by law to receive service of process" (emphasis added).  Once CT

System received the summons and complaint, service was complete, and the Section 1446(b) clock started ticking. For purposes of Section 1446(b), it is immaterial what CT System or the receptionist or anyone else did with those documents afterward. Because the notice of removal was filed more than 30 days after service was accomplished on CT System, the notice was untimely.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 30) is **GRANTED**, and this case is **REMANDED** to the Circuit Court in and for the Ninth Judicial Circuit. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 23, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party